### Application of MUELLER.
### Patent Appeal No. 6055.

United States Court of Customs and
Patent Appeals.
June 30, 1954.

Eugene E. Stevens, Washington, D. C. (Eugene E. Stevens, III, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting as unpatentable over the prior art, claims 1 to 5, inclusive, and 13 to 15, inclusive, of an application, Serial No. 36,228, filed June 30, 1948, for a patent on an apparatus and method for the regeneration of water softeners. Claims 6 to 12, inclusive, have been allowed.

Claims 1 and 14 are considered illustrative and read as follows:

"1. In a downflow water softening apparatus embodying a tank with a bed of water softening granules therein, means for directing rinse water upwardly through said tank, and through the bed of granules, and injector means for positively feeding air continuously into the lower portion of said tank and bed of granules to lift and separate the granules during the flow of rinse water through the bed thereof.

"14. The method of washing confined granular material consisting in forcing rinse water upwardly through the material together with air."

The following references were cited:

Duggan   1,354,604   October 5, 1920;
Yount   1,749,622   March 4, 1930.

Appellant's device is described by the board as follows:

"The alleged invention relates to water softening wherein a treating tank contains a bed of zeolite granules and brine is delivered from time to time from a brine tank to the lower end of the treating tank and is caused to flow upwardly through the zeolite granules to effect regeneration of the zeolite by the action of the salt content of the brine thereon. The purpose of the alleged invention is to provide a means for accomplishing agitation of the zeolite granules which comprises directing a flow of air together with a stream of fresh water upwardly through the brine submerged mass of granules which is effected after termination of the delivery of brine thereto. The fresh water acts to backwash or rinse the brine from the tank, while the air in moving upwardly together with the rinse water

through the mixture will effect agitation and separation of the granules to permit thorough washing and removal of sediment that may have accumulated on top of the bed of granules. An injector which is acted upon by the rinse water is the mechanical means used to mix the air with the rinse water."

Appellant states that his invention resides in improvements in the means and method of regenerating the zeolite granules of the tank including the flushing of the brine solution therefrom, and particularly in the adding of air to the flow of rinse water.

Since the board reversed the examiner's rejection involving the Yount patent, it is necessary to consider only the Duggan reference.

That reference relates to a process and apparatus for softening water. It discloses the washing of water softening material by flowing water in a direction reverse to the filtering step. When that step is downward the washing water goes upward and if the backwashing flow is rapid it serves to lift the granules of the mineral bed and, when lifted, the granules are separated, thus allowing the removal of foreign matter.

It may be noted that the patentee and the applicant have to do with the same problem, i. e., the tendency of the granules in the bed to compact and prevent the free flow of treating liquids through the tank during regeneration. Both the patent and the application suggest a solution of the problem which is basically the same; namely, separating the particles of the bed by some form of agitation. In the patent that result is accomplished by pulsations of the treating fluid, whereas in appellant's application resort is had to air combined with the rinsing water.

The Board of Appeals rejected the involved claims on the Duggan reference because in the patent specification the patentee states that the washing which

rids the substances of dirt may be conducted in several ways. At times that is done by sending a flow of water through the apparatus in reverse direction to that which is used in filtering. Where the latter is downward, the former flow is upward and it is said that if the backflow is at a relatively high speed, the granules are lifted and spaced apart by action of the current which allows for an extrication and removal of foreign matter, and where the filtration is in an upward direction, the impurities collect on the lower face of the filter and the backwash downwardly is not particularly efficient because of the downward pressure which compacts the filter. With respect to downward backwash, the patentee notes that other means are used, such as stirring, *blowing in air*, etc., to "disaggregate" the bed and facilitate the washing. With respect to upward washing, it is said that impurities must be carried through the whole bed and that can only be done quickly and efficiently when the granules of the bed are separate and spaced apart.

The patentee provides for that method by stating that the speed of the wash water must either be sufficiently high or that other suitable means must be employed to separate the granules of the bed and that high speed of the water may also be applied combined with such other means.

It is our view, as it was below, that the concept of using air in agitating the water in the rinsing operation is fairly disclosed in the Duggan patent and that appellant seeks a patent on claims that add nothing more than a particular method of applying air to the bed.

We are of the opinion that the disclosure of the patent that "other suitable means" usable in upflow rinsing refers to "other means" which are used in the downflow rinsing which is stated to be "stirring, blowing in air, etc."

We find nothing critical in the upflow feature. In the brief of appellant no mention is made of that feature and

one of the rejected claims is devoid of such limitation.

Claims 14 and 15 are the broadest of those involved here. They merely call for the passing of rinsing water combined with air upwardly through the bed.

Several of the claims, including claim 1, with respect to the air feeding parts of appellant's device, are limited to an injector means for feeding air to the tank during the rinsing process. It seems to us that to inject air into a liquid does not define any particular structure which is not suggested in the patent to Duggan. Any means of injecting would seem to answer such a purpose. The language of the patent of "blowing in air" clearly contemplates some form of injector when given the broad interpretation required by law. In re Bisley, 197 F.2d 355, 39 C.C. P.A., Patents, 982.

Claims 5 and 13 are more specific in requiring that the injector mix the air and liquid before it is delivered into the tank. That, however, is not critical because there are no unexpected results demonstrated over separate air injections and it may be noted that claim 1 and the others like it are not so limited.

In the brief of appellant the purported inoperativeness of an injector in the Duggan water feed is discussed. We think, however, that a worker skilled in the art, in providing the Duggan device with an air injector, would surely pick one suitable for the purpose.

We are in agreement with the holding of the Board of Appeals that the involved claims, in view of the prior art, define nothing inventive. The decision appealed from is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate herein in place of GARRETT, Chief Judge.